United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-61085
Summary Calendar

_____

CLAUDE E KELLEY,

Plaintiff-Appellant,

versus

MONROE COUNTY BOARD OF SUPERVISORS, in their supervisory role;
MONROE COUNTY SHERIFF RUBLE MAXEY, in his official and individual
capacity; COUNTY PROSECUTOR DON BAKER, in his official and
individual capacity; MONROE COUNTY DEPUTY JOHN MICHAEL LAY, in
his official and individual capacity; JOHN BUCKNER, as per
information from Sheriff Ruble Maxey; PAUL BUCKNER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:06-CV-216
--------------------

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:*

Claude E. Kelley moves for permission to appeal in forma
pauperis (IFP) from the dismissal of a complaint for failure to
state a claim. After pleading nolo contendere to charges of
disorderly conduct and paying a fine, Kelley filed a complaint
alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986; the
First, Fourth, Fifth, and Fourteenth Amendments; 18 U.S.C. §§ 241

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and 242; the Americans With Disabilities Act; and various Mississippi statutes.

The district court dismissed the complaint pursuant to FED. R. CIV. P. 12(b)(6). The court held that Kelley's claims concerning his allegedly wrongful arrest and prosecution were barred under Heck v. Humphrey, 512 U.S. 477 (1994), and further held that, accepting as true all factual allegations in the complaint, Kelley was not entitled to relief as to any of his claims. The district court denied Kelley permission to appeal IFP because the court determined that the appeal was not taken in good faith. The court did not address Kelley's financial status.

We conclude that Kelley is financially eligible to appeal IFP; however, we concur with the district court's determination that Kelley cannot raise any nonfrivolous issues on appeal. Kelley wishes to argue on appeal that Heck does not bar his claims because he was only fined and not imprisoned. This contention is frivolous. See Heck, 512 U.S. at 486-87. The remainder of Kelley's arguments are unrelated to the district court's determination that his complaint failed to state a claim.

Accordingly, Kelley has failed to establish a nonfrivolous ground for appeal. See Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(3). The motion to proceed IFP motion is denied. As the appeal contains no nonfrivolous issues, it is dismissed. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

MOTION FOR IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.